UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEISHA HOLT,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

    Defendant.

CASE NO. 16-1537-RAJ

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Alisha Holt seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Dkt. 1. The ALJ found Ms. Holt's deep vein thrombosis, degenerative disc disease, depressive disorder, and anxiety related disorder are severe impairments; that she retains the residual functional capacity to perform light work with some additional limitations; and that Ms. Holt cannot perform past relevant work but she is not disabled because she can perform other jobs in the national economy. Tr. 23-34. The Appeals Council denied Ms. Holt's request for review making the ALJ's decision the Commissioner's final decision. Tr. 1.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 1

Ms. Holt contends the ALJ erred by "failing to properly consider the medical opinion of Plaintiff's examining nurse practitioner." Dkt. 10 at 1. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## DISCUSSION

Katherine Hester, an Advanced Registered Nurse Practitioner examined Ms. Holt and completed a physical functional evaluation form in July 2013. Tr. 400-02. Ms. Hester opined Ms. Holt was markedly limited in her ability to sit, stand, walk, lift, carry, handle, push, pull, reach, stoop and crouch; that Ms. Holt could not perform even sedentary work; and that her "current limitation on work activities will persist with available treatment for 3-6 months." Tr. 401-02. Ms. Holt argues the Court should reverse the case because "the ALJ gave no reason at all for rejecting the [July 2013] opinion of Ms. Hester's professional opinion." Dkt. 3. The record contradicts this argument.

The ALJ rejected Ms. Hester's opinions for two reasons. First, the ALJ found Ms. Hester's opinions did not include "a detailed functional assessment or diagnostic testing results which support the limitations." Tr. 30. This is a germane reason to reject Ms. Holt's opinions because an ALJ may give less weight to a medical opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Substantial evidence supports the ALJ's finding because Ms. Holt's July opinion provides no explanation as to how she arrived at her opinions and she did not attach or list any "chart notes detailing examination findings," or list any test results. Tr. 401.

The ALJ also rejected Ms. Hester's opinions on the grounds that "treatment notes from the same time period reflect essentially normal physical examinations and include a statement by

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 2

nurse Hester that she sees 'no reason why [the claimant] won't be able to be fully functional and working soon.'" Tr. 30, 397, 398, 412. An ALJ may properly reject a medical opinion that is inconsistent with the record. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Further, an ALJ may reject a medical opinion where the source's opinion is not supported by her own medical records or objective findings. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.2008).

In sum, the ALJ gave two valid reasons for rejecting Ms. Hester's opinions. Ms. Holt offers no evidence or argument demonstrating the ALJ's reasoning is incorrect and thus fails to carry her burden of establishing the ALJ harmfully erred. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 11th day of July, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 3